SUPERSEDED BY OP. ATTY. GEN. 125A, OCTOBER 18, 2001

**COUNTY: BUILDING CODE: ADOPTION:** County, wherein building code was rejected by referendum, may not adopt code by ordinance. Matter of code application may be resubmitted to referendum. Minn. Stat. § 16B.72 (1992).

125a
(Cr. Ref. 59a-9)

April 20, 1994

Ann L. Carrott
Douglas County Attorney
Douglas County Courthouse
305 8th Avenue West
Alexandria, MN 56308

Dear Ms. Carrott:

In your letter to our office, you set forth substantially the following.

## FACTS

On September 11, 1979, a special election was held in Douglas County (exclusive of the City of Alexandria). The question presented to the voters was "Shall the State Building Code be adopted in Douglas County?" The vote was that Douglas County should **not** adopt the state building code. It has recently been proposed that the county adopt the State Building Code by ordinance. You then ask substantially the following questions:

## QUESTION ONE

May the county adopt the State Building Code by ordinance in the described circumstances?

## OPINION

We answer your question in the negative.

Beginning July 1, 1977, all cities, counties and urban towns were required to adopt and enforce the State Building Code within their respective jurisdictions. See Act of June 2, 1977, ch. 381, §§ 1, 2, 1977 Minn. Laws 847, 848. However, that requirement was substantially modified two years later when the legislature authorized non-metropolitan counties to conduct referenda upon the application of the code within the areas of their counties outside

municipalities which had voluntarily adopted the code before 1977. That authority, now contained in Minn. Stat. § 16B.72 (1992) provides in part:

> Notwithstanding any other provision of law to the contrary, a county that is not a metropolitan county as defined by section 473.121, subdivision 4, may provide, by a vote of the majority of its electors residing outside of municipalities that have adopted the state building code before January 1, 1977, that no part of the state building code except the building requirements for handicapped persons applies within its jurisdiction.
>
> The county board may submit to the voters at a regular or special election the question of adopting the building code. The county board shall submit the question to the voters if it receives a petition for the question signed by a number of voters equal to at least five percent of those voting in the last general election. The question on the ballot must be stated substantially as follows:
>
> "Shall the state building code be adopted in _____ County?"
>
> If the majority of the votes cast on the proposition is in the negative, the state building code does not apply in the subject county, outside home rule charter or statutory cities or towns that adopted the building code before January 1, 1977, except the building requirements for handicapped persons do apply.
>
> Nothing in this section precludes a home rule charter or statutory city or town that did not adopt the state building code before January 1, 1977, from adopting and enforcing the state building code within its jurisdiction.

(Emphasis added).

Thus, it seems clear that after a referendum against code application, the code will not apply in the county outside cities and towns that had adopted the code before 1977. While this preclusion is subject to later voluntary adoption of the code by "a home rule or statutory city or town", there appears no express authority for the county itself to adopt the code by ordinance following a negative referendum result. Nor should such authority be implied. To do so would effectively negate the statutory right of the voters to compel a referendum by petition and to express their will at the polls. Cf. Op. Atty. Gen. 59a-32, December 20, 1989 (City Council may not disregard referendum result by adopting ordinance rejected by voters.)

QUESTION TWO

May the application of the code be resubmitted to referendum pursuant to Minn. Stat. § 16B.72 (1992).

OPINION

We answer your questions in the affirmative. While the express statutory language is much more ambiguous on this issue. we believe that resubmission to the voters should be permitted to further the underlying purposes of the legislation pertaining to the code. As noted above. Section 16B.72 provides that

> A county that is not a metropolitan county as defined by section 473.121. subdivision 4. may provide. by a vote of the majority of its electors residing outside of municipalities that have adopted the state building code before January 1. 1977, that no part of the state building code except the building requirements for handicapped persons applies within its jurisdiction.
>
> . . .
>
> If the majority of the votes cast on the proposition is in the negative. the state building code does not apply in the subject county, outside home rule charter or statutory cities or towns that adopted the building code before January 1. 1977. except the building requirements for handicapped persons do apply.

(Emphasis added).

That language. if applied literally. would suggest that once a negative referendum result occurs. the code may never again apply to areas of the county outside cities and towns that had adopted the code before January 1. 1977. or voluntarily adopted it thereafter.

However. the remaining language of the section does not support the one-way approach to the question. The paragraph falling in between the paragraphs quoted above states:

> The county board may submit to the voters at a regular or special election the question of adopting the building code. The county board shall submit the question to the voters if it receives a petition for the question signed by a number of voters equal to at least five percent of those voting in the last general election. The question on the ballot must be stated substantially as follows:

Ann L. Carrott
Page 4


"Shall the state building code be adopted in _____ County?"

Id. (Emphasis added)

This language is not limited to cases where the voters wish to halt application of the code, but also encompasses cases where the code is not in effect and the issue is whether to adopt it in the future.

In light of the apparent general purpose of Minn. Stat. §§ 16B.59-16B.73 to provide basic and uniform building construction standards throughout the state, subject to a limited right of the people in certain counties to avoid its application (see Minn. Stat. §§ 16B.59, 16B-62, 16B.72 (1992)), we are inclined to construe section 16B.72 to permit the people of a county which has rejected the code to later support its adoption by means of a subsequent referendum.


Best regards,


HUBERT H. HUMPHREY III
Attorney General


KENNETH E. RASCHKE, JR.
Assistant Attorney General


KER:sr.et3